UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NO: 12-35888

MARCUS GERLACH and SUZANNE GERLACH,
as Husband and Wife, Appellants

vs.

CITY OF BAINBRIDGE ISLAND, Municipal Corporation;
JOSHUA MACHEN; and DOES 1through 10

---

ON APPEAL FROM THE ORDER OF THE
UNITED STATES DISTRICT COURT
FROM THE WESTERN DISTRICT OF WASHINGTON STATE,
IN Case No: 3:11-CV-05854-BHS

---

## APPELLANTS MARCUS GERLACH AND SUZANNE GERLACH RESPONSE IN OPPOSITION TO COBI'S FEE PETITION

---

Rick J Wathen, WSBA No. 25539
Jennifer P. Dinning, WSBA No. 38236
Cole | Wathen | Leid | Hall, P.C.
303 Battery Street
Seattle, Washington 98121
T: 206.622.0494 / F: 206.587.2476
*Attorneys for Appellants,*
*Marcus Gerlach and Suzanne Gerlach*

# TABLE OF CONTENTS

Table of Contents...................................................................................i

Table of Authorities.............................................................................ii

I.    Introduction and Relief Requested...........................................1

II.   Authority and Argument...........................................................1

      A.   Standard for Award of Fees...............................................1

      B.   The Lodestart Method is Not the Appropriate Measure of Fees for a Non-Contingent Case .................................................1

      C.   COBI is not Entitled for Fees for Presenting their Amount of Fees........................................................................................2

III.  Conclusion................................................................................3

# TABLE OF AUTHORITIES

**United States Supreme Court:**

*Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (U.S. 1986)............................................................................................................2

**United States Court of Appeals:**

*ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999)............................1

*Hensley v. Eckert*, 461 U.S. 424, 434 (1983))..........................................1

*In re Wind N' Wave,* 509 F. 3d 938, 942 (9th Cir. 2007)..........................2

*Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 520 (1st Cir. 1991).....................................................................................................1, 3

*West Virginia University Hospital, Inc. v. Casey,* 898 F.2d 357, 365 (3rd Cir. 1990).....................................................................................................1

**Washington Appellate Court:**

*Berryman v. Metcalf*, 177 Wn. App. 644, 312 P.3d 745 (2013)................3

*Johnson v. Dep't of Transp.*, 177 Wn. App. 684, 313 P.3d 1197 (2013)......3

**Washington Statutes:**

RCW 64.40..................................................................................1, 2, 3

I.   INTRODUCTION AND RELIEF REQUESTED

The Gerlach's respectfully request that this Court award only such attorney fees as COBI affirmatively proves were reasonable and necessary for the defense against the Gerlach's claim under RCW 64.40, without the application of a Lodestar modifier.

II.  AUTHORITY AND ARGUMENT

A.   Standard for Award of Fees.

Only <u>reasonable</u> attorney fees are recoverable under the law. It is well settled that attorneys' fees must be fair and reasonable. *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 520 (1st Cir. 1991). Attorneys must use what the U.S. Supreme Court terms good "billing judgment." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (Citing *Hensley v. Eckert*, 461 U.S. 424, 434 (1983)). It is unreasonable to bill a client for hours that are "excessive, redundant, or otherwise unnecessary." *Id.* A lawyer must exercise care, judgment and ethical responsibility in the delicate task of billing time and exclude hours that are unnecessary. *West Virginia University Hospital, Inc. v. Casey*, 898 F.2d 357, 365 (3rd Cir. 1990).

B.   **The Lodestar Method is Not the Appropriate Measure of Fees for a Non-Contingent Case.**

The Lodestar approach is not the appropriate measure of reasonable fees in

1

this matter. The Lodestar method was designed for the calculation of fees in contingent fee cases, because actual attorney fees are not incurred by the represented party due to the contingent nature of the case. Calculation by the Lodestar method multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved. THEN the Court must make adjustments based on:

> (1) **the contingent nature of the case, reflecting the likelihood that hours were invested and expenses incurred without assurance of compensation**; and (2) the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained.

*Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (U.S. 1986).

A lodestar multiplier should not be used in this matter. There was no risk to counsel that hours were invested and expenses incurred without assurance of compensation. No fees should be awarded beyond reasonable fees actually incurred related to the defense of the RCW 64.40 claim.

### C.  COBI is not Entitled for Fees for Presenting their Amount of Fees.

COBI's reliance on *In re Wind N' Wave,* 509 F. 3d 938, 942 (9th Cir. 2007) is misplaced. In that matter, whether the prevailing party was entitled to fees was at issue, as well as what constituted a reasonable fee. In the present case, there is no dispute that the prevailing party is entitled to a reasonable fee under RCW 64.40. However, it still remains the burden of the party seeking the fee to present

the amount of its fees show that those fees are reasonable. *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 520 (1st Cir. 1991). The Gerlachs should not be required to compensate COBI for presenting evidence regarding the amount of fees incurred and showing they are reasonable for this case. *See also Julie Berryman v. Metcalf*, 177 Wn. App. 644, 312 P.3d 745 (2013); *Johnson v. Dep't of Transp.*, 177 Wn. App. 684, 313 P.3d 1197 (2013).

Per the declaration of Mr. Rosenberg, 3.2 hours were expended to prepare the fee petition in this matter, at a rate of $265 per hour. Accordingly, COBI's requested fees should be reduced by $848.

### III. CONCLUSION

For the reasons stated above, the Gerlach's respectfully request that this Court 1) deny COBI's request to apply a Lodestar multiplier; 2) deny COBI's request for fees for preparing and presenting the amount of their billed fees; 3) award only such attorney fees as COBI affirmatively proves were reasonable and necessary for the defense against the Gerlach's claim under RCW 64.40.

Respectfully submitted this 20th day of May, 2013.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/Rick J Wathen & /s/Jennifer P. Dinning
Rick J Wathen, WSBA No. 25539
Jennifer P. Dinning, WSBA No. 38236
303 Battery Street
Seattle, WA 98121-1419
rwathen@cwlhlaw.com / jdinning@cwlhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 11, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system. I further certify that an additional e-copy has been emailed to:

>Adam L. Rosenberg
>Keating, Bucklin & McCormack, Inc., P.S.
>800 Fifth Avenue, Suite 4141
>Seattle, WA 98104-3175
>arosenberg@kbmlawyers.com

Dated this 11th day of April, 2014, at Seattle, Washington.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/Rick J Wathen & /s/Jennifer P. Dinning
Rick J Wathen, WSBA No. 25539
Jennifer P. Dinning, WSBA No. 38236
303 Battery Street
Seattle, WA 98121-1419
rwathen@cwlhlaw.com / jdinning@cwlhlaw.com