FILED

SEP 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS S. GERLACH; SUZANNE L. GERLACH, husband and wife,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, a municipal corporation; JOSHUA MACHEN; DOES, 1-10,<br><br>Defendants - Appellees. | No. 12-35888<br><br>D.C. No. 11-CV-5854-BHS<br>Western District of Washington, Tacoma<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Marcus and Suzanne Gerlach brought this action against the City of Bainbridge Island and city employee Joshua Machen (together, "the City"), for violations of 42 U.S.C. § 1983 and Washington Revised Code § 64.40, alleging that Machen delayed issuing their buoy permit to extort them to use his window washing business. *See Gerlach v. City of Bainbridge Island*, 551 Fed. App'x 418, 419 (9th Cir. 2014). The district court granted the City's motions for summary

judgment and for attorney's fees for defending the § 64.40 claim. *Id*. The Gerlachs appealed.

This court affirmed the district court's judgment and awarded attorney's fees to the City for defending the § 64.40 claim on appeal. *Id*. at 419-20. The court referred to the Appellate Commissioner the determination of the fee amount. *See id*. at 420; 9th Cir. R. 39-1.9. By order of the Appellate Commissioner, the parties briefed the fee amount question. *See* 9th Cir. R. 39-1.6, 1.7.

## II
## Background

For defending the § 64.40 claim, the City requests attorney's fees in the amount of $12,639.50 for 50.1 hours of work by attorney Adam Rosenberg of the Seattle law firm of Keating, Bucklin & McCormack. The City requests 1.7 hours at $239 per hour in 2012 for mediation, 25.2 hours at $247 per hour in 2013 for briefing, 11.6 hours at $253 per hour in 2013 for oral argument, and 11.6 hours at $265 in 2014 for the fee motion and reply. The Gerlachs do not object to the City's requested hourly rates, which are reasonable and will be awarded.

On Ninth Circuit Form 9, the City claims that attorney Rosenberg spent the requested hours as follows:

| Description Of Services | Hours |
|---|---|
| Interviews & Conferences | 2.1 |
| Obtaining & Reviewing Records | 1.9 |
| Legal Research | 5.0 |
| Preparing Briefs | 34.0 |
| Preparing For & Attending Oral Argument | 7.1 |
| Total Hours Claimed | 50.1 |

The City filed a 13,697-word answering brief, supplemental excerpts of the record, a form acknowledging receipt of the hearing notice, a motion for attorney's fees, and a reply to the Gerlachs' opposition to the fee motion. Rosenberg attended a mediation conference and appeared at oral argument in Seattle. Rosenberg states that the number of hours requested is conservative, and that he excluded a considerable amount of time to avoid the appearance of overreaching and to adjust for duplicative or unnecessary work. Rosenberg delegated work to a legal assistant when possible, and the City does not request an award of the legal assistant's time.

The Gerlachs object that the City is not entitled to a multiplier, but the City does not request a multiplier. The Gerlachs also object that the City should not be awarded fees for the fee motion and fee reply, but the cases the Gerlachs cite in support of this objection are distinguishable and not authoritative. Time spent establishing the entitlement to and amount of court-awarded attorney's fees is

compensable under Washington fee-shifting statutes. *See Fisher Props., Inc. v. Arden Mayfair, Inc.*, 798 P.2d 799, 807 (Wash. 1990).

The Gerlachs do not object to the City's allocation of hours to the § 64.40 claim. Although the City does not show the overall hours spent on appeal, Rosenberg states that he excluded time directed exclusively toward other claims. Rosenberg also states that the factual predicate for all of the claims was the same, and that some work needed to defend the § 64.40 claim also supported the defense of other claims.

A review of the docket, Rosenberg's time records, and the briefs on appeal, in light of fee requests in similar cases, shows that the City's requested 50.1 hours for defending the §64.40 claim are reasonable and the hours are awarded.

## III
## Conclusion

For defending the Washington Revised Code § 64.40 claim, attorney's fees in the amount of $12,639.50 are awarded in favor of the City of Bainbridge Island and Joshua Machen and against Marcus Gerlach and Suzanne Gerlach, jointly and severally. This order amends the court's mandate. *See* Fed. R. App. P. 41.